Filing # 55052524 E-Filed 04/13/2017 03:02:23 PM

IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

JOAN WILTFANG,

    Plaintiff,                            CASE NO.:

v.

MIDLAND CREDIT MANAGEMENT, INC,

    Defendant.

_____/

STATEMENT OF CLAIM
JURY DEMAND

    NOW INTO COURT, through undersigned counsel, comes JOAN WILTFANG, the Plaintiff herein, and hereby filed this Statement of Claim against MIDLAND CREDIT MANAGEMENT, INC, the Defendant herein, and hereby states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which do not exceed $2,500.00 in any single count; it is brought by individual consumer for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C., §1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here.

### PARTIES

5. Plaintiff is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, a collection agency, operates from an address of 3111 CAMINO DEL RIO NORTH, Ste 1300, San Diego, CA 92108. Defendant has a registered agent in the State of Florida designated to receive service of process named Corporation Service Company, whose address is 1201 Hays Street, Tallahassee, FL 32301, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is also registered with the state of Florida as a "debt collector."

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant is a corporation licensed to do business in the State of Florida as a registered debt collector.

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Upon information and belief, Defendant is attempting to collect on a consumer debt from Plaintiff, who used the credit at issue for personal purchases such as food, clothing, gasoline, travel, etc.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15. On or about 03/07/2016, Defendant sent Plaintiff a written request for payment of an alleged consumer debt, account number ending in 5094. A true copy of Defendant's letter is attached hereto as Exhibit "A".

16. On or about 04/07/2016, Plaintiff notified Defendant in writing, via United States Postal Service, First Class Mail, that Plaintiff disputed and refused to pay the debt at issue. A true copy of Plaintiff's letter is attached hereto as Exhibit "B".

17. On or about 03/09/2017, Defendant sent Plaintiff a written request for payment of an alleged consumer debt, account number ending in 5094. A true copy of Defendant's letter is attached hereto as Exhibit "C".

## COUNT I

### FAILURE TO CEASE COMMUNICATIONS IN VIOLATION OF 15 U.S.C. § 1692c(c)

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Pursuant to § 803 of the FDCPA, 15 USC § 1692a, "communication" is defined as the conveying of information regarding a debt directly or indirectly, and the definition of a "debt collector" includes anyone who regularly attempts to collect debts, directly or indirectly.

20. On 03/07/2016, Defendant communicated with Plaintiff in the capacity as a debt collector when it mailed them a Dunning Notice, regarding account ending in 5094 (see Exhibit "A").

21. On 04/07/2016, Plaintiff sent Defendant a refusal to pay the debt (see Exhibit "B").

22. Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c). On 03/09/2017,

Defendant continued to attempt collection by writing to the Plaintiff even after Plaintiff refused to pay the alleged debt (see Exhibit "C").

23.     Section 813 of the FDCPA, 15 USC § 1692k, provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: April 13, 2017

_____
Michael Tierney, P.A.
Michael Tierney, Esquire
Florida Bar No.: 6?3475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff